UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSE CASTANEDA,<br><br>           Plaintiff,<br><br>     -v.-<br><br>WELLS FARGO BANK, N.A.,<br><br>           Defendant. | Civil Action No: 3:21-cv-1083<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**NOW COMES,** Plaintiff JOSE CASTANEDA, ("Plaintiff"), by and through his attorneys, the SHAWN JAFFER LAW FIRM, and brings this Complaint against Defendant WELLS FARGO BANK, N.A., ("Defendant"), and respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. Plaintiff brings this action for damages arising from Defendant's violations of 47 U.S.C. §227 *et seq.*, commonly known as the Telephone Consumer Protection Act ("TCPA").

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 47 U.S.C. §227(g)(2).

3. The Court has supplemental jurisdiction for any state law claims under 28 U.S.C. §1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2), being that the acts and transactions occurred here, the Plaintiff resides here, and the Defendant transacts business here.

## PARTIES AND SERVICE

5. Plaintiff is a resident of the State of Texas, Kaufman County, residing at 850 Pole Bridge Court, Combine, TX 75159.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Plaintiff is a "Consumer" meaning Plaintiff is a natural person who is allegedly obligated to pay any debt.

8. The "Consumer Debt" is an obligation or alleged obligation of the Plaintiff to pay any money arising out of a transaction in which the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

9. Defendant is a "Debt Collector" as defined under Tex. Fin. Code § 392.001(6).

10. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant Wells Fargo Bank, N.A. is a South Dakota corporation and can be served with process upon its registered agent, Corporation Service Company, for service of process at 211 E. 7th St, Ste 620 Austin, TX 78701.

12. Defendant acted through its agents, employees, officers, members, volunteers, staffers, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTUAL ALLEGATIONS

11. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

12. On or about December 15, 2020, Defendant filed an original petition against Plaintiff in the 86th Judicial District Court (Case No. 106747-86) to collect on an alleged debt.

13.     Plaintiff began receiving phone calls from Defendant in January 2021 to his cellular phone, (214) XXX-2254.

14.     On or about January 29, 2021, Plaintiff's Counsel timely answered the original petition filed by Defendant (Case No. 106747-86).  See attached <u>Exhibit A</u>.

15.     Despite Plaintiff being represented by Counsel, Defendant continued to repeatedly call Plaintiff directly.

16.     Between January 2021 and May 2021, Plaintiff received at least one hundred and four (104) phone calls from Defendant.  See call log screenshots attached as <u>Exhibit B</u>.

17.     Defendant bears the burden of proof to establish that it obtained prior express consent from Plaintiff.

18.     At all times relevant to the instant action, Plaintiff was the subscriber, owner, and operator of the cellular phone ending in -2254.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

19.     Defendant knew Plaintiff's phone number was a cellular telephone number before Defendant made calls to Plaintiff's phone number.

20.     Defendant never had express consent to text or call Plaintiff's cellular telephones from an automated telephone dialing system or otherwise.

21.     Defendant used an automated phone dialing system to call Plaintiff's cellular phone.

22.     The automated telephone dialing system used to call Defendant has the capacity to store telephone numbers.

23.     The automated telephone dialing system used to call Defendant has the capacity to call telephone numbers automatically.

24. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

25. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

26. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

27. The telephone dialer system Defendant used to call Plaintiff's cellular telephone number selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

28. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple persons.

## FIRST CAUSE OF ACTION
### Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 *et seq.*

29. Plaintiff re-alleges and incorporates by reference paragraphs in this Complaint as though fully set forth herein.

30. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling or text messaging persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity…to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

   1. In the 9th Circuit case of Marks v Crunch San Diego, LLC the Court held:

      > The U.S. Court of Appeals for the Ninth Circuit rejects the argument that a device cannot qualify as an automatic telephone dialing system unless it is fully automatic, meaning that it must operate without any human intervention whatsoever. By referring to the relevant device as an "automatic telephone

> dialing system," Congress made clear that it was targeting equipment that could engage in automatic dialing, rather than equipment that operated without any human oversight or control. 47 U.S.C.S. § 227(a)(1).

Marks v. Crunch San Diego, LLC, No. 14-56834, 2018 U.S. App. LEXIS 26883, at *1 (9th Cir. 2018).

31. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. All phone calls were either silent and unresponsive when answered or began with a silent pause followed by a click before a person answered. This points to the use of an ATDS.

32. Defendant violated the TCPA by calling Plaintiff's cellular phone at least one hundred and four (104) number of times using an ATDS without his consent.

33. The calls placed by Defendant to Plaintiff were not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

34. The Plaintiff was injured and harmed because the Defendant's use of an automated telephone dialing system to make unwanted and unconsented phone calls to Plaintiff have caused an invasion of privacy, caused nuisance from receiving unwanted phone calls, have been an intrusion of peace and privacy, and have caused harassment and annoyance to Plaintiff.

35. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call or text message. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled under 47 U.S.C. § 227(b)(3)(C).

## SECOND CAUSE OF ACTION
### Violations of the Texas Debt Collection Act
### Tex. Fin. Code Ann. §392 *et seq.*

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

37. This is an action for willful violation of the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392 *et seq.*, ("TDCA").

38. Section §392.304(19) prohibits a debt collector from using any false representation or deceptive means to collect a debt or obtain information concerning a consumer.

39. Defendant violated §392.304(19) when it used deceptive means to collect an alleged debt from Plaintiff by contacting him directly and disregarding Plaintiff's Counsel's representation.

40. For these reasons, the Defendant is liable to the Plaintiff for statutory damages, actual damages, costs, and reasonable attorney's fees.

## DEMAND FOR JURY TRIAL

41. Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgement from Defendant as follows:

1. Awarding Plaintiff statutory damages of at least $500.00 per phone call/text message and treble damages pursuant to 47 U.S.C. §§227(b)(3)(B) & (C);

2. Awarding Plaintiff statutory damages not less than $100 under the TDCA;

3. Awarding Plaintiff actual damages under the TDCA;

4. Awarding Defendant costs of this action, including reasonable attorneys' fees and expenses as allowed under the TDCA;

5. Awarding Defendant such other and further relief as this Court may deem just and proper.

DATED: May 12, 2021                    Respectfully Submitted,


**SHAWN JAFFER LAW FIRM PLLC**

*/s/ Shawn Jaffer*_____
**Shawn Jaffer**
State Bar No: 24107817
attorneys@jaffer.law
8111 LBJ Fwy, Suite 350
Dallas, Texas 75251
Telephone: (214) 238-4855
Facsimile: (888) 530-3910
**Attorneys for Plaintiff**